John Eugene **SHERLOCK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 62225.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 12, 1982.

Rehearing Denied June 2, 1982.

James R. Moriarity and Dean J. Johnson, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Raymond E. Fuchs and Russell Turbeville and Patricia Saum, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at confinement for fifteen years.

Although appellant raises ten grounds of error on appeal, our disposition on ground one requires that only the following points be addressed: (1) whether the trial court erred in overruling appellant's motion to suppress; (2) whether appellant's complaint to the legality of the search was waived when he testified at trial; and (3) the sufficiency of evidence on the element of ownership.

Appellant was convicted for robbery at a Globe store in Harris County. The record, when viewed in the light most favorable to the verdict, establishes that appellant and a co-defendant, Ewing, began drinking on the evening of August 29, 1977, and decided to drive around. They entered the Globe store and walked to the sporting goods department. The sales clerk, witness Perez, testified that the two men approached the counter and that appellant asked to see a shotgun and some shells. Ewing picked up his shirt, displaying a .38 caliber pistol and told Perez that if he did what he was instructed to do nothing would happen to him. Perez told them they could have anything they wanted. Ewing then said to appellant, "Sound okey to you?" and appellant responded affirmatively. Appellant then told Perez to give him the double barrel shotgun with shells and Ewing pointed out a pump shotgun, telling Perez to give it to him, along with the money from the cash register. Perez placed the items in a bag and stapled it shut.

When the two men approached the checkout counter, the woman in charge of checking merchandise entering and leaving the store told them she had to inspect the package. Ewing said no and grabbed the bag from Perez, who had walked to the front of the store with them. Appellant followed Ewing out the door.

Police officers executing a search warrant found the two shotguns, which had been sawed off, and the .38 pistol at appellant's home that evening. Over objection,

and following the overruling of appellant's motion to suppress, Perez identified the shotguns as the ones which had been stolen on the evening of August 29th.

At the close of the State's case, appellant's counsel reurged his motion to suppress the evidence obtained as a result of the search. Counsel further stated to the court that he would not put his client on the stand to testify but for the fact that the motion to suppress had been overruled. He stated that his decision to call appellant to the stand was not intended as a waiver of the search issue.

Appellant testified that he and Ewing had been drinking heavily that day, and that Ewing made the decision to go to the Globe. He also stated that he did not know that Ewing was going to commit the robbery until he asked Perez for the money and the shotguns. He denied making the comment Perez had testified to and said he was afraid of Ewing. He testified that they left the store together and returned to his apartment, bringing the shotguns with them. He also stated that he fired one of the guns in the apartment and that Ewing later told him he had sawed them off.

The first ground of error contests the validity of the search warrant in several particulars. Before the issue on the merits can be addressed, however, it is necessary to discuss the State's contention that appellant waived this ground of error by testifying to the same or similar facts as those objected to by the motion to suppress. It is argued that because appellant testified that the shotguns were in his home and were discovered by officers, the objection to the introduction of those weapons as having been recovered from his home is waived.

■ The rule relied on by the State is the doctrine of curative admissibility, which provides that "the admission of improper

evidence cannot be urged as grounds for reversal where the defendant gives testimony on direct examination which establishes the same facts as those objected to." *Thomas v. State*, 572 S.W.2d 507.[1] However, where a defendant testifies in order to overcome the impact of illegally obtained and improperly admitted evidence, that testimony is tainted by the same illegality that renders the evidence inadmissible. *Thomas v. State*, supra. See *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047.

In *Harrison v. United States*, the Supreme Court placed a burden on the State to show that a defendant's testimony was not "impelled" by the introduction of illegally obtained confessions. This Court applied that holding in *Thomas*, explaining the approach taken by the Supreme Court:

> "The Court's ruling is thus an extension of the exclusionary rule and attenuation concept, which excludes the fruits of illegal evidence unless the prosecutor is able to demonstrate that the knowledge is gained from an independent source or the evidence has been obtained by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)."

Thus, the following rule was enunciated in *Thomas*:

> "... the harmful effect of improperly admitted evidence which is obtained by illegal police practice is not cured when a defendant gives testimony on direct examination which establishes the same or similar facts *unless the state can show that its illegal action in obtaining and introducing the evidence did not impel the defendant's testimony*." (Emphasis added.)

---

1. A corollary to this rule is that the harmful effect of improperly admitted evidence is not cured by the fact that the accused sought to meet, destroy, or explain it by the introduction of rebutting evidence. *Nicholas v. State*, 502 S.W.2d 169. This corollary is not applicable in the instant case, however, because although appellant was ultimately seeking to explain his

presence at the Globe store, he did admit to the presence of the shotguns at his apartment. Thus, his testimony was not offered solely to "meet, destroy, or explain." Compare *Trollinger v. State*, 153 Tex.Cr.R. 364, 219 S.W.2d 1018, and *McLaughlin v. State*, 109 Tex.Cr.R. 307, 4 S.W.2d 54. See also *Thomas*, supra, and cases cited therein.

It is necessary for the State to show that appellant's testimony was not induced by the introduction of the shotguns and pistol which were recovered from his apartment. The State has argued that appellant would have taken the stand anyway because of the testimony of the employees at Globe. We cannot agree with that position.

■ In determining whether the State has met its burden under *Thomas*, the following factors are relevant considerations:

(1) evidence that defendant's counsel would not have called his client to the stand but for the overruling of his objection to illegally obtained evidence;

(2) even if he would have called the defendant to the stand, evidence that his client would have testified in the same manner but for the introduction of that evidence; [2]

(3) whether the State introduced other evidence of guilt, and the strength of that evidence; and,

(4) whether there is other evidence, aside from the evidence objected to, that would have induced the defendant to testify in the same manner.

See *Benavides v. State*, 600 S.W.2d 809; *Howard v. State*, 599 S.W.2d 597.

■ In the instant case appellant's attorney specifically stated that he would not have called his client to the stand but for the overruling of his motion to suppress, and that he was not waiving his objection to the search warrant. In contrast to the facts in *Thomas*, the State did introduce other evidence tending to establish appellant's guilt. However, we cannot say that the other evidence would have induced appellant to testify in the same manner.

The State's evidence includes the testimony of Perez and Castillo, employees of Globe. Their testimony places appellant at the scene and may indeed have induced him

to admit and explain those circumstances. However, it does not follow that their testimony, which is unrelated to the events occurring at appellant's apartment, would induce him to admit and explain the location of the shotguns following the commission of the offense. This is a matter that is not explored in the testimony of the other State's witnesses. Therefore, it appears that the inducement to appellant's testimony regarding the presence of the shotguns at his apartment was the introduction of those items.

The State in its brief requests "clarification" of what it perceives to be conflicting lines of cases on the *Thomas* issue. It notes that *Thomas* did not expressly overrule prior cases, that *Ehrman v. State*, 580 S.W.2d 581, was decided after *Thomas* yet did not apply the *Thomas* rule, and that since *Ehrman* the Court has applied *Thomas* in *Howard v. State*, 599 S.W.2d 597, and *Benavides v. State*, 600 S.W.2d 809. We therefore take this opportunity to expressly overrule prior cases inconsistent with *Thomas*, which we regard as having been done implicitly by the *Thomas* Court, and as was recognized in *Benavides*, at 812, by the author of the dissent in *Thomas*. We also consider *Benavides* and *Howard* to have overruled *Ehrman* sub silentio to the extent of any conflict with *Thomas*. Because appellant's testimony was tainted by the illegally seized evidence, the doctrine of curative admissibility does not operate as a waiver of the search and seizure issue.

■ Turning to the merits of the first ground of error, appellant argues that for numerous reasons the search warrant and affidavit are defective. We agree that the affidavit fails to state when the acts occurred which form the basis for a finding of probable cause.

2. In *Harrison*, the following language indicates that the issue is not simply whether a defendant would have otherwise testified, but also *how* he would have testified:

"It then appears that, but for the use of his confessions, the petitioner might not have testified at all. But even if the petitioner

would have decided to testify whether or not his confessions had been used, it does not follow that he would have admitted being at the scene of the crime and holding the gun when the fatal shot was fired." *Harrison*, 392 U.S. at 225, 88 S.Ct. at 2011.

The affidavit recites information given to the affiant by two different informants and includes the following facts:

"... Affiant was told by him that he observed a white male, approximately 22–25 years old, 5 feet 6 to 7 inches tall, shoulder-length light colored hair wearing a blue shirt and weighing 140–150 pounds, *shoot a man and run.* An informant, who does not wish his identity revealed, told the affiant that the above-named Walter Ewing, who lives at the above-named place, and whose physical description is that he is 25–26 years old, white male with shoulder-length reddish-blonde hair, about 5 feet eight inches tall, 150 pounds, admitted to him that he and John Sherlock (named above) *went to steal a car to use in a robbery, approached a man in a parking lot, pointed a gun at him and demanded his car and, when he resisted, shot him....*" (Emphasis added.)

There is nothing in this statement to convey to a magistrate any definite idea as to when the alleged incident took place. As we held in *Jones v. State,* 579 S.W.2d 240, the right to issue a search warrant is dependent upon a sworn statement "making clear" the right to issue it. Such affidavit is "inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective." *Garza v. State,* 120 Tex.Cr.R. 147, 48 S.W.2d 625. *Gonzales v. State,* 577 S.W.2d 226; *Heredia v. State,* 468 S.W.2d 833; *Odom v. State,* 121 Tex. Cr.R. 209, 50 S.W.2d 1103.

The affidavit is defective in that the facts stated therein are not shown to be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time. Appellant's first ground of error is sustained.

Among the remaining grounds of error raised on appeal, the sufficiency of evidence to prove ownership in the complaining witness is challenged. In light of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 and *Greene v. Massey,* 437 U.S.

19, 98 S.Ct. 2151, 57 L.Ed.2d 15, we find it necessary to address this argument.

Appellant contends that the evidence was insufficient to prove ownership as stated in the indictment, wherein it was alleged that appellant committed the offense "while in the course of committing theft of property owned by Dagoberto Perez, hereafter styled the complainant...."

The evidence showed that Perez was an employee of the Globe store, not the owner of the business. However, Perez had a "greater right to possession" of the stolen shotguns by reason of his employment than appellant, and the evidence was sufficient to establish that employment. See *Johnson v. State,* 606 S.W.2d 894.

Although the evidence is sufficient to sustain the conviction, the judgment is reversed because of the introduction of the fruits of an illegal search.

The judgment is reversed and the cause remanded.