David Allen Owens v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-059-CR

     DAVID ALLEN OWENS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9445-A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Owens appeals from a conviction of burglary enhanced by two prior felonies. The sole issue
Owens raises is whether the evidence is legally sufficient to prove ownership of the burglarized
building. We overrule the issue and affirm the judgment.

      (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979)). We resolve any inconsistencies in the evidence in favor of the verdict. See Curry v.
State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
      The elements of burglary are: (1) a person, (2) without the effective consent of the owner, (3)
enters a building not then open to the public, (4) with the intent to commit a felony or theft. See
Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 1994); Robertson v. State, 21 S.W.3d 554, 557
(Tex. App.—Waco 2000, pet. ref’d). An “owner” is someone who “has title to property,
possession of the property, whether lawful or not, or a greater right to possession of the property
than the actor.” Tex. Pen. Code Ann. § 1.07(a)(35)(A) (Vernon 1994). In order to establish
ownership by greater right to possession in a burglary case involving a commercial building, the
prosecution need only prove that the complaining witness is an employee of the commercial
enterprise whose building was burglarized. See Sherlock v. State, 632 S.W.2d 604, 608 (Tex.
Crim. App. [Panel Op.] 1982).
      The State alleged in the indictment that Walpole is the “owner” of the burglarized building. 
The evidence sufficiently establishes that Boyd Walpole is an employee in the capacity of
maintenance supervisor at Southern Traditions Furniture. Further, Walpole is the representative
of the business who received the initial phone call that a break-in had occurred.      Other
testimony on the record by the investigating police officers establishes that Walpole has keys to
the building and the authority to handle late night investigations for break-ins. This is sufficient
to establish that Walpole has greater right to possession than Owens. We hold that the evidence
is legally sufficient to establish the element of “owner.”
We affirm the judgment.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Affirmed.
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



 style="font-size: 12pt">Affirmed
Opinion delivered and filed March 4, 1992 
Do not publish