

NUMBERS 13-11-031-CR, 13-11-032-CR, 13-11-033-CR,
13-11-034-CR, and 13-11-035-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MAURICE JACKSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 411th District Court
### of Polk County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela**

A Polk County Grand Jury indicted appellant, Maurice Jackson, for possession

with intent to deliver cocaine in an amount of more than one gram, but less than four

grams, a second-degree felony (cause no. 13-11-031-CR), *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (c) (West 2010) and for possession of cocaine in an amount of less than one gram, a state-jail felony (cause no. 13-11-035-CR); *see id.* §§ 481.102(3)(D), 481.115(a) (b), which was enhanced by two previous state jail felony convictions to a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(1) (West Supp. 2010). On August 13, 2009, pursuant to a plea agreement, Jackson pleaded guilty to both offenses and was placed on ten years' community supervision.

Thereafter, in cause nos. 13-11-032-CR and 13-11-033-CR, Jackson was indicted for two separate offenses of possession with intent to deliver cocaine in an amount of more than one gram, but less than four grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a), (c). And, he was also indicted in cause no. 13-11-034-CR for possession of cocaine in an amount of less than one gram, a state-jail felony, *id.* §§ 481.102(3)(D), 481.115(a) (b) (West 2010). In addition, the State filed a motion to revoke his community supervision in cause nos. 13-11-031-CR and 13-11-035-CR. The motions alleged Jackson violated the terms and conditions of his community supervision by committing the offense alleged in cause no. 13-11-032-CR.

On November 1, 2010, Jackson entered into a plea agreement, which resolved these five cases. He pleaded true in cause nos. 13-11-031-CR and 13-11-035-CR, and he pleaded guilty in cause nos. 13-11-032-CR, 13-11-033-CR, and 13-11-034-CR. The trial court sentenced him to confinement in the Texas Department of Criminal Justice-Institutional Division for terms of eight years, eight years, twelve years, and twelve

years, and confinement in a state jail facility for twelve months.   The sentences are to run concurrently.   In one issue, Jackson argues the trial court erred in denying his motion to suppress.[1]   We affirm.[2]

## I. FACTUAL BACKGROUND

Officers with the Polk County Sheriff's Department executed a search warrant on Jackson's home on September 30, 2009.   During the execution of the search warrant, the officers seized crack cocaine as well as other items.   Jackson's defense counsel filed a motion to suppress the contraband seized as a result of the search of Jackson's residence authorized by the search warrant.   The trial court held a hearing on the motion, and after hearing testimony and argument from both sides, the trial court denied the motion to suppress.[3]

The affidavit supporting the search warrant, in whole, reads as follows:

---

[1] Jackson filed a motion to suppress only in cause nos. 13-11-032-CR, 13-11-033-CR, and 13-11-034-CR.   When he pleaded guilty in each of these three cases, he reserved his right to appeal the denial of his motion to suppress in each case.

[2] Pursuant to the Texas Supreme Court's docket-equalization efforts, this case was transferred to this Court from the 9th Court of Appeals.   See TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[3] The trial court imposed the sentences and signed the judgments in each case on November 1, 2010.   On November 24, 2010, Jackson filed a request for findings of fact and conclusions of law.   The trial court, by written order, denied the request, and no findings of fact and conclusions of law were filed.   In *State v. Cullen*, the court of criminal appeals stated that a trial court must grant a party's *timely* request for findings of fact and conclusions of law related to its ruling on a motion to suppress.   195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (stating, "The refusal of trial courts to enter findings of fact when timely requested . . . leaves appellate courts with nothing to review except a one-word ruling and forces the courts of appeals to make assumptions about the trial court's ruling.").   The court cited with approval and applied Texas Rule of Civil Procedure 297, which states, in relevant part:   "The court shall file its findings of fact and conclusions of law within twenty days after a *timely* request is filed."   TEX. R. CIV. P. 297 (emphasis added).   *Id.* at 699 (citing TEX. R. CIV. P. 297).   Here, Jackson's request for findings of fact and conclusions of law was due to be filed within twenty days of November 1, 2010, the day the trial court signed the judgments.   See TEX. R. CIV. P. 296 (requiring request for findings and conclusions to be filed within twenty days after judgment is signed).   Jackson's request for findings of fact and conclusions of law was not filed until November 24, 2010, twenty-four days after the date the trial court signed the judgments.   Accordingly, Jackson's request for findings of fact and conclusions of law was untimely.   *See id.*   Therefore, the trial court did not err by denying his request to file findings of fact and conclusions of law.

3

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1. THERE IS IN POLK COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS:

**From the Polk County Sheriff's Office travel north on North Washington .7 tenths of a mile to US Hwy 59, take a left on US Hwy 59 and travel south on US Hwy 59 South 2.1 miles to US Hwy 190 West and take a right, travel west on US Hwy 190 West 9 tenths of a mile to Fm 350 South, take a left onto Fm 350 South and travel 1 mile to Mouse Brown Road, take a right onto Mouse Brown road [sic] and follow it to the very end and the property will be located at 526 Mouse Brown Road.  The residence will be a mobile home located to the right of the property with an add on front and rear porch.  The property also has a wood frame house sitting in front of the trailer and a travel trailer located to the left of the wood frame residence.  The search will consist of the residence of Maurice Jackson including all buildings and vehicles located on said property along with the property curtilage.**

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS:  **Crack cocaine in or around the residence, buildings and vehicles as well as any books, ledgers, or records of drug transactions including any electronic media capable of storing such records, and other evidence linking suspected suspect(s) to the crime.**

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS:  **Maurice Jackson B/M 8-12-1970, SS[4]**

4. IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES THAT:  **Maurice Jackson has in his possession and is distributing crack cocaine from his residence located at the above described location in Polk County, Texas.**

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:  **See Exhibit "A" Attached which is incorporated herein by reference.**

6. Against the peace and dignity of the State of Texas.

WHEREFORE, Affiant asks for the issuance of a warrant that will authorize him to search said suspected place and premises for said property and seize the same and to arrest each said described and accused person.

---

[4] Jackson's social security number was stated; however, because of privacy reasons, we will not record it here.

Anthony Lowrie, a lieutenant with the Polk County Sheriff's Department, signed the affidavit. Below his signature the following language appears: "Subscribed and sworn to before me by said Affiant on this the 29th day of Sept[.] A.D., 2009." The magistrate's signature appears below this language.

EXHIBIT "A"

Affiant would show that he is a duly licensed peace officer in and for the State of Texas, currently serving as a Detective for the Polk County Sheriff's Office. The information contained herein is based upon the personal knowledge of Affiant or information provided by other witnesses or law enforcement officers as identified herein.

Affiant shall show that on 9-28-2009 at approximately 2:37 PM while conducting an undercover operation at the suspect's residence that the suspect Maurice Jackson did deliver to a cooperating individual 10 off white rocks of crack cocaine which had a weight of approximately 1.5 grams.

Affiant shall show that the suspect is the only person involved in the delivery and is the person that took the two hundred dollars in US Currency and is the person that hand delivered the crack cocaine to the CI.

Affiant shall show that the delivery took place at the suspect's residence located at the end of Mouse Brown Road in Polk County[,] Texas.

Affiant shall show that the suspect keeps concealed both in his residence and on his property crack cocaine cut up and ready for distribution.

Affiant is asking for a search and arrest warrant for the described suspects, residence, vehicles, building and property curtilage, with the above information provided.

Officer Lowrie signed the exhibit. Below his signature the following language appears: "Subscribed and sworn to before me by said Affiant on this the 29th day of Sept[.] A.D., 2009." The magistrate's signature appears below this language.

## II. DISCUSSION

By a single issue, Jackson argues the trial court erred in denying his motion to suppress. He contends Officer Lowrie did not present the magistrate with sufficient facts to establish the existence of probable cause to show he was selling crack cocaine from

5

his residence. By Officer Lowrie's use of the phrases "would show" and "shall show" in exhibit A, which is attached to the affidavit in support of the request for a search warrant, Jackson argues Officer Lowrie "promised to present the magistrate with these facts."

**Standard of Review**

When a "trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit." *State v. McLain*, No. PD-0946-10, 2011 WL 1376724, at *2 (Tex. Crim. App. Apr. 13, 2011) (citing *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004)). Consequently, "when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.* (citing *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234-37 (1983)). "As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination." *Id.* (citing *Gates*, 462 U.S. at 236).

"We are instructed not to analyze the affidavit in a hyper-technical manner." *Id.* (citing *Gates*, 462 U.S. at 236). "When 'reviewing a magistrate's decision to issue a warrant, trial and appellate courts apply a highly deferential standard in keeping with the constitutional preference for a warrant.'" *Id.* (quoting *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007) (footnotes and citations to authority omitted)). Therefore, "'when an appellate court reviews an issuing magistrate's determination, that court should

6

interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences.   When in doubt, we defer to all reasonable inferences that the magistrate could have made.'"   *Id.* (quoting *Rodriguez*, 232 S.W.3d at 61) (footnotes and citations to authority omitted).

Because the Fourth Amendment strongly prefers law-enforcement officials to conduct searches pursuant to search warrants, the United States Supreme Court has provided incentives for them to obtain warrants instead of conducting warrantless searches.   *McLain*, 2011 WL 1376724, at *3 (citing *Lane v. State*, 971 S.W.2d 748, 750-51 (Tex. App.—Dallas 1998, pet. ref'd)).   For example, "[o]ne incentive is a less-strict standard for reviewing the propriety of a search conducted pursuant to a warrant."   *Id.* (citing *Ornelas v. United States*, 517 U.S. 690 (1996); *Rodriguez*, 232 S.W.3d at 61).   In that particular situation, "courts must give great deference to the magistrate's probable-cause determination."   *Id.* (citing *Gates*, 462 U.S. at 234-37; *Rodriguez*, 232 S.W.3d at 61).   "Both appellate courts and trial courts alike must give great deference to a magistrate's finding of probable cause."   *Id.* (citing *Rodriguez*, 232 S.W.3d at 61).

In *McLain*, the court of criminal appeals, quoting *Rodriguez*, stated that "[a]n evaluation of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magistrates empowered to issue warrants are to be preferred over the hurried action of officers who may happen to make arrests.'"   *Id.* (quoting *Rodriguez*, 232 S.W.3d at 59).   A reviewing court "should not 'invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense,

7

manner.'"  *Id.* (quoting *Rodriguez*, 232 S.W.3d at 59).  "A magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found in a particular location."  *Id.* (citing U.S. CONST. amend IV;[5] *Rodriguez*, 232 S.W.3d at 61); *see also* TEX. CODE CRIM. PROC. ANN. art. 18.01(b).[6]  "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location."  *Id.* (citing *Rodriguez*, 232 S.W.3d at 61).  This "is a flexible and non-demanding standard,"[7] and "[t]he facts stated in a search affidavit 'must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified.'"  *Id.* (quoting *Flores v. State*, 827 S.W.2d 416, 418 (Tex. App.—Corpus Christi 1992, pet. ref'd)); *see also Sherlock v. State*, 632 S.W.2d 604, 608 (Tex. Crim. App. 1982) (stating that a search affidavit is "inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective.") (internal quotes omitted).

A "court of appeals violate[s] the prohibition on 'hypertechnical' review of a warrant affidavit when it strictly applie[s] rules of grammar and syntax in its analysis."  *Id.*  A court of appeals should focus "on what the magistrate could have reasonably inferred[,]" rather than "review[ing] the affidavit by focusing on what the officer 'implied' . . . ."  *Id.*

---

[5] The Fourth Amendment to the United States Constitution provides:  "The right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[6] Article 18.01(b) provides, in relevant part:  "No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance."

[7] *State v. McLain*, No. PD-946-10, 2011 WL 1376724, at *3 (Tex. Crim. App. Apr. 13, 2011).

"[I]t is the reasonableness of the magistrate's conclusions based on facts and inferences which is the proper standard[,]" and the United States Supreme Court has explained how we must review probable-cause determinations:

> [A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. . . . A grudging or negative attitude by reviewing courts toward warrants . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense manner.

*Id.* (quoting *Gates*, 462 U.S. at 236) (citations and internal quotes omitted); *United States v. Ventresca*, 380 U.S. 102, 108 (1965). "[T]he established requirement [is] that courts review warrant affidavits as a whole." *Id.* (citing *Hall v. State*, 795 S.W.2d 195, 197 (Tex. Crim. App. 1990)).

**Analysis**

In this case, the magistrate had a substantial basis for concluding that probable cause existed. In his affidavit, Officer Lowrie provided the directions to the residence to be searched, its address—526 Mouse Brown Road—and a description of the residence. This satisfied the requirement that an affidavit must include "the specificity of the *place* to be searched." *Davis v. State*, 202 S.W.3d 149, 156 n.17 (Tex. Crim. App. 2006) (emphasis in original). Furthermore, "the facts stated within the affidavit" must be "sufficiently specific to the residence sought to be searched to support a finding of probable cause that . . . [contraband] would be found there." *Id.* at 154. In this case, the affidavit showed that during an undercover operation at Jackson's residence, Jackson delivered crack cocaine to a "cooperating individual" within twenty-four hours of Officer

9

Lowrie's request for the warrant. The delivery occurred at Jackson's residence, and Officer Lowrie stated that Jackson is in charge of this residence and that it was controlled by Jackson. Thus, the affidavit connected Jackson to the residence to be searched. *See id.* (stating that "[a]lthough an apparently reliable confidential informant had seen [the defendant] in possession of . . . drugs within twenty-four hours of the affiant's request for the warrant, nothing in the affidavit connected him [the defendant] to the residence" to be searched). In addition, Officer Lowrie stated that the probable cause to support his belief that Jackson "has in his possession and is distributing crack cocaine from his residence" is based upon facts in exhibit "A", which stated that "[t]he information contained herein is based upon the personal knowledge of Affiant or information provided by other witnesses or law enforcement officers." In *Davis*, the court of criminal appeals stated that "[o]bservations reported to the affiant by other officers engaged in the investigation can constitute a reliable basis for issuing a warrant." *Davis*, 202 S.W.3d at 156 n.20 (citing *Ventresca*, 380 U.S. at 108-09).

By looking at the affidavit in its entirety, and not isolated phrases in the affidavit, it would have been reasonable for the magistrate, considering all the facts in the affidavit along with reasonable inferences from those facts, to conclude that there was a fair probability that there was cocaine at Jackson's home at the time of the issuance of the warrant. The sole issue for review is overruled.

## III. CONCLUSION

We affirm the trial court's judgments.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of July, 2011.