Elvira FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–102–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.
Rehearing Overruled March 19, 1992.

Dorina Ramos, Joseph A. Connors, III, Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. and County Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for appellee.

Before GILBERTO HINOJOSA, KENNEDY, and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant waived jury trial and pled "not guilty" to possessing less than 28 grams of cocaine. The trial court found her guilty and assessed punishment at imprisonment for six years, probated. We affirm.

On the morning of June 8, 1990, police officers executed a search warrant at appellant's home. A confidential informant had told the police that stolen property was located at appellant's home. In searching for the stolen property, the police discovered and seized some cocaine. Within hours of the search, appellant confessed that she had sold cocaine from her house in exchange for stolen property.

On appeal, appellant contends, on both state and federal grounds, that the affidavit supporting the search warrant was invalid, and therefore the cocaine, confession, and other fruits of the search should have been suppressed. Specifically, appellant contends that the affidavit failed to state facts showing that the confidential informant's information was not stale.

■ At the outset, the State argues that appellant did not properly preserve error because his suppression motion lists a host of constitutional and statutory sections which are irrelevant to this case and thereby obfuscates valid complaints in a fog of other complaints. *See Berry v. State*, 813 S.W.2d 636, 638 (Tex.App.—Houston [14th Dist.] 1991, no pet.). While we share the State's concern about motions which cite numerous irrelevant grounds for suppression, we find that appellant's motion clearly challenged the adequacy of the affidavit's probable cause statement because of staleness. The motion was sufficient to apprise the trial court of the nature and basis of the objection, and the trial court heard evidence on the motion. Both parties specifically addressed their arguments in the trial court to the staleness issue, and the trial court then ruled in favor of admitting the evidence.[1] Under these circumstances, appellant preserved error. *See Samuel v. State*, 688 S.W.2d 492, 495 (Tex.Crim.App. 1985).

■ In point of error one, appellant complains that the cocaine was admitted in violation of the federal exclusionary rule. In point three appellant contends that her confession and other fruits of the search were also erroneously introduced on this ground. Because these points both concern the trial court's failure to exclude evidence under the federal exclusionary rule, we will consider them together. In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court adopted the "good faith" exception to the federal exclusionary rule, holding that in "the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* 468 U.S. at 926, 104 S.Ct. at 3422.

The affiant-officer in the present case explained at the suppression hearing how

---

1. Much discussion occurred at the hearing concerning information which the affiant officer had orally told the magistrate who issued the warrant. Under Texas law, the sufficiency of an affidavit supporting a search warrant must be judged by its "four corners," although that requirement is not constitutional. *See* Tex.Code Crim.Proc.Ann. art. 18.01(b) (Vernon Supp. 1992); W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 4.3(b) at 171–172 (West 1987).

he prepared the affidavit, had it reviewed and rejected by a superior officer, reworked it, had it approved by his superior, and then took it to the magistrate who orally questioned him and issued the warrant. There was no showing that the warrant was issued in violation of the *Leon* "good faith" doctrine. Thus, admission of the evidence did not violate the federal exclusionary rule, and points one and three are overruled.

■ In points two and four, appellant contends that admission of the cocaine and other fruits of the search violated Texas law.[2] Because both points turn on the trial court's failure to exclude the evidence under Texas law, these points will be considered together. In Texas, the affidavit supporting the warrant must state probable cause, and its failure to do so is reviewable by an appellate court. This review is required because the Texas "good faith" exception, enacted as article 38.23(b), is not coextensive with the federal "good faith" exception but applies only if the supporting affidavit states probable cause.[3] *See Gordon v. State*, 801 S.W.2d 899, 912 (Tex. Crim.App.1990).

■ Appellant complains that probable cause was lacking because the affidavit failed to state sufficient facts to show that stolen items were probably at the suspected place at the time the magistrate issued the warrant. If the affidavit contained information that was stale, the trial court should have suppressed the evidence, because facts stated in an affidavit must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified at that time. *Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932);

*Sherlock v. State*, 632 S.W.2d 604, 608 (Tex.Crim.App.1982); *Peltier v. State*, 626 S.W.2d 30, 32 (Tex.Crim.App.1982); *Heredia v. State*, 468 S.W.2d 833, 835 (Tex. Crim.App.1971).

The affidavit in the present case reads:

The undersigned Affiant being a Peace Officer under the laws of Texas, and being duly sworn, on oath makes the following statements and accusations:

1. There is in Hidalgo County, Texas, a suspected place and premises described and located as follows:

a single family dwelling located at 316 E. Bahia, Mission, Hidalgo County Texas. The suspected residence is described as a red brick home with dark brown siding. A hurricane fence surrounds the suspected residence. This is to include all buildings and attachments and vehicles at the suspected residence.

2. There is at said suspected place and premises an item constituting evidence of an offense in violation of the laws of Texas and described as follows:

stolen itmes (sic) to include television sets, bicycles, lawn mowers, jewerly (sic), etc.

3. Said suspected place and premises are in charge of and controlled by each of the following persons:

Raul Flores, 5'6", 200 pounds, white/black mustache

4. Affiant has probable cause for said belief by reason of the following facts:

Affiant is a licensed Texas Police Officer, Robert Dominguez, with approximately 3 years of law enforcement experience and formal training in burlary (sic) and theft investigation and this training and experience in burglary in-

---

2. When a defendant objects on state grounds, the Texas statutory exclusionary rule, Tex.Code Crim.Proc.Ann. art. 38.23(b) (Vernon Supp. 1992), is automatically invoked. *Polk v. State*, 738 S.W.2d 274, 276 (Tex.Crim.App.1987). *Imo v. State*, 822 S.W.2d 635, (Tex.Crim.App.1991).

3. Article 38.23 provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case ...

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

vestigations has taught me that burglars many times store stolen property in their homes. On 06/06/90, at approximately 3:00 P/M, I received information from a confidential informant advising that there is stolen property at the suspected residence. Affiant believes that the confidential informant to be reliable because the confidential informant has provided the affiant information concerning criminal activity in the Mission area. This information has been peronally (sic) checked by the affiant and found to be true and correct in every respect. The confidential informant wishes to remain anonymous due to the fear of retaliation from the suspected party.

The information relayed by the confidential informant that this affiant believes to be true and correct is

1) The informant visits the suspected residence frequently where stolen items are observed

2) The informant is advised by the person in control of the residence that the items are stolen items

3) The items include television sets, bicycles, lawn mowers, jewelry, etc.

■ In reviewing the sufficiency of the affidavit, we use the "totality of the circumstances" analysis. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); *Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex.Crim.App.1988). The State concedes that the affidavit fails to explicitly state when the informant received his information, but it argues that the facts should be interpreted in a common sense and realistic manner, and that by doing so, the magistrate could reasonably draw an inference that the stolen property was at the suspected place when the warrant issued. *See Cassias v. State,* 719 S.W.2d 585, 587 (Tex. Crim.App.1986) (warrant should be interpreted in common sense manner); *Lagrone v. State,* 742 S.W.2d 659, 661 (Tex.Crim. App.1987) (magistrate can make reasonable inferences from the facts presented).

■ At the outset, we emphasize that the time which is relevant to establishing probable cause is the time when the informant saw the items at appellant's house, not the time that when the informant conveyed his information to the affiant officer. Two sentences in the affidavit relate to the time when the informant gained his information. These are: "On 06/06/90, at approximately 3:00 P/M, I received information from a confidential informant advising that there *is* stolen property at the suspected residence" and "The informant visits the suspected residence *frequently* where stolen items are observed." (Emphasis ours).

We find that the use of the phrase "visits frequently" in the second sentence, combined with the affiant's use of the present verb tense in the first sentence, could justify a magistrate's conclusion that the stolen items were at the suspected place when he issued the warrant. As the State contends, "visits frequently" means "often" and indicates repetitive, ongoing activity. These words tend to show that the information is not stale. In *Sutton v. State,* 419 S.W.2d 857, 861 (Tex.Crim.App.1967), the Court of Criminal Appeals found that the affiant's use of the words "recently" and "now" provided a sufficient basis for finding that events occurred within a reasonable time of the issuance of the warrant. *See also Crotts v. State,* 432 S.W.2d 921, 922 (Tex. Crim.App.1968); *Douglas v. State,* 144 Tex. Crim. 29, 161 S.W.2d 92, 93 (Tex.Crim.App. 1942).

■ In considering whether the affidavit is sufficient, we are mindful that the purpose of stating times when events occurred is to show the magistrate that the stolen items are probably at the suspected location at the time the warrant issues. In this regard, facts in the affidavit, other than times explicitly stated, may be reviewed. *See Ellis v. State,* 722 S.W.2d 192, 196 (Tex.App.—Dallas 1986, no pet.). In the present case, the affidavit contains the phrase that the "informant visits the suspected residence frequently where stolen items are observed." This phrase suggests that the stolen items had been viewed on a recurring basis. When stolen items have

**420**

been viewed more than once, and there is nothing to suggest that the stolen items will not be at the suspected place in the future, the magistrate may weigh this fact in his calculations concerning the probability that the items will be on the suspected property. *See Id.*

While the affiant officer could have explicitly stated facts to show that the information was timely, and while this affidavit is certainly not a good model, we find that it is barely adequate. Appellant's second and fourth points of error are overruled.

The judgment of the trial court is affirmed.