**Freddie LOCKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00486–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1993.

Rehearing Denied April 15, 1993.

Kent A. Schaffer, Houston, for appellant.

Eric D. Smith, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

**OPINION**

BOWERS, Justice.

After the trial court overruled appellant's pre-trial motion to suppress, appellant entered a plea of nolo contendere to the offense of aggravated possession of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115. The court assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42(c) at imprison-

ment for 38 years and a $1,000.00 fine. This court must determine if the evidence seized pursuant to a State search warrant should have been suppressed. Appellant alleges the State's search warrant was invalid because it was based on observations made by federal agents during the execution of an alleged invalid federal search warrant. We affirm.

On January 29, 1991, Gary Orchowski, an agent with the Bureau of Alcohol, Tobacco and Firearms, received information from a confidential source that appellant, a convicted felon, was in possession of several firearms. On February 14, 1991, Orchowski met with a second confidential source who informed Orchowski that within the last 90 days, the confidential source had seen a .357 magnum revolver and a deer rifle inside appellant's residence.

On March 12, 1991, a United States' magistrate issued a federal search warrant based on Orchowski's affidavit. On March 15, 1991, pursuant to the federal search warrant, federal agents searched appellant's residence. Although agents did not discover any of the previously described firearms, agents did locate a firearm inside appellant's residence. In addition, agents found over four hundred grams of cocaine.

In his first point of error, appellant argues that the federal search warrant was invalid because the warrant was based on information received from confidential informants who were not shown to be reliable and credible. In his second point of error, appellant asserts that the information supporting the issuance of the federal warrant was too "stale" to sustain a finding of probable cause.

Appellant argues in his third point of error that because the federal search warrant was not valid, the search of appellant's residence was illegal; therefore, the State's warrant, which was based upon observations made by federal agents during the search, was not valid. Appellant contends that the State's search warrant lacked probable cause and was conducted in violation of both the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution.

The issuance of search warrants is governed by Tex.Code Crim.Proc.Ann. art. 18.-01, which provides in part:

(b) No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

*Id.* Although appellant presents three points of error, the sole question before this court is whether the evidence obtained from the search of appellant's residence was admissible under the Texas statutory exclusionary rule and the "good faith" exception, Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon 1993). That article provides:

(a) No evidence obtain by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

\*　　\*　　\*　　\*　　\*　　\*

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

*Id.*

The Texas "good faith" exception, enacted as article 38.23(b), is not coextensive with the federal "good faith" exception. The federal "good faith" exception provides that in "the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984). The Texas "good faith" exception goes beyond the require-

ment of the federal exclusionary rule and applies only if the affidavit supporting the warrant sets forth grounds for probable cause. *Flores v. State*, 827 S.W.2d 416, 418 (Tex.App.—Corpus Christi 1992, no pet.). Appellant does not contend that the officers did not execute the warrant in good faith or that the warrant was not issued by a neutral magistrate. Appellant does argue, however, that the State's warrant was not based on probable cause because the initial search of his residence by federal agents was illegal.

■ To determine if probable cause exists for issuing the warrant, the magistrate should judge the affidavit in a common sense, realistic manner and the magistrate is entitled to draw reasonable inferences from facts contained within the four corners of the affidavit. *Ellis v. State*, 722 S.W.2d 192, 196 (Tex.App.—Dallas 1986, no pet.). "To establish probable cause, the affidavit must show facts and circumstances within the affiant's knowledge, arising from a reasonably trustworthy source, to warrant a person of reasonable caution to believe that the items sought are located at the place" to be searched. *State v. Raymer*, 786 S.W.2d 15, 16 (Tex.App.—Dallas 1990, no pet.). In reviewing the sufficiency of the affidavit, this court will use a "totality of the circumstances" analysis. *Flores*, 827 S.W.2d at 419.

■ The affidavit supporting the State's warrant describes the search of appellant's residence by agents for the Bureau of Alcohol, Tobacco and Firearms. This, however, is not the sole "probable cause" set forth in the affidavit. The affiant, Mark Haitt, a narcotic trafficking task force officer with the Bryan Police Department, also states *inter alia:*

> While conducting the search of the premises, Special Agent Kevin Richardson, with the Bureau of Alcohol, Tobacco and Firearms discovered a clear, plastic ziplock bag containing a white powdery substance in the kitchen cabinet that, based on his experience, Affiant recognized to be cocaine. At this time, all searching of the premised (sic) was stopped.

> Based on Affiant's experience, individuals that possess and/or traffic in narcotics secrete the narcotics throughout their residence. While searching for the documents and receipts described in the [f]ederal search warrant, Inv. Donnie Manry, with the Bryan Police Department assigned to the Brazos County Narcotics Task Force found receipts that show the suspected place to be under the control of Freddie Ray Lockett, aka "Pig" Lockett.

> *Affiant has received information from other officers with the Brazos Valley Narcotics Trafficking Task Force and the Brazos County Narcotics Task Force that Freddie Ray Lockett aka "Pig" Lockett regularly traffics in Cocaine. Inv. Donnie Manry told affiant that he has received information from multiple informants, that have repeatedly given accurate and reliable information, over the past two years that Freddie Lockett aka "Pig" was one of the biggest, if not the biggest, cocaine distributor in the north Bryan area, and that virtually all of the "crack" cocaine that is sold on the west side of Bryan was controlled by Freddie Lockett aka "Pig[.]" Inv. Manry has also been told by the reliable and credible informants that Freddie Lockett aka "Pig" goes to Houston and purchases a kilo of cocaine at a time. Inv. Manry also told Affiant that he received information that Freddie Lockett aka "Pig" Lockett owns several pieces of real estate and vehicles, and that these items were purchased with cash; Freddie Lockett aka "Pig" Lockett does not have legitimate source of income.*

> *Special Agent Gary A. Orchowski, with the Bureau of Alcohol, Tobacco and Firearms, told Affiant that on February 14, 1991 he spoke to Trooper Gary Shaw, with the Texas Department of Public Safety, who said that he personally stopped Freddie Lockett aka "Pig" Lockett in April, 1989 and arrested him for Possession of Cocaine near Navasota, Texas. Navasota is on the highway between Bryan and Houston, Texas.*

(Emphasis added.) In addition to containing the affiant's personal knowledge of the alleged offense, the affidavit also contains other allegations that provide a basis for an independent determination of probable cause by the magistrate. The affiant provided information from federal officers who saw the cocaine and also provided information from other officers who knew of appellant's prior involvement with drugs. The totality of the circumstances set forth in the affidavit provided a sufficient basis for a neutral magistrate to find probable cause for issuing the warrant. We overrule appellant's third point of error.

Appellant's first two points of error attack the federal search warrant. Under federal constitutional law, the insufficiency of an affidavit supporting a search warrant is not grounds for excluding evidence if the police acted in good faith. *Dees v. State,* 722 S.W.2d 209 (Tex.App.—Corpus Christi 1986, pet. ref'd). Because appellant does not assert that the federal warrant was not executed in good faith and because we have determined that the State's search warrant was valid absent observations made by federal agents, we do not need to determine the validity of the federal search warrant. We, therefore, do not address appellant's first and second points of error.

Accordingly, we affirm the judgment of the trial court.