Opinion issued August 31, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01019-CR




C. TOM ZARATTI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 952,417




MEMORANDUM OPINION
          Appellant, C. Tom Zaratti, was charged by indictment with the felony offense
of possession of child pornography, namely a computer image depicting a child under
18 years of age engaging in sexual intercourse.


 A jury found appellant guilty of the
offense and thereafter assessed his punishment at confinement in jail for 10 years and
a $10,000.00 fine. In his first point of error, appellant contends that the evidence is
legally insufficient because the State failed to prove that the image in question
depicted an actual child younger than 18 years of age at the time the image was
created. In his second point of error, appellant complains that the trial court erred in
not suppressing evidence seized from his computer where the probable cause affidavit
did not establish the time between when the affiant first acquired knowledge that the
computer might contain child pornography and when the search warrant was issued. 
In his third point of error, appellant argues that the trial court erred in not suppressing
evidence seized from his computer where the probable cause affidavit supporting the
warrant demonstrated that the facts were obtained in violation of appellant’s Fourth
Amendment reasonable expectation of privacy in the contents of the hard drive of his
computer. In his fourth point of error, appellant contends that the evidence
introduced at trial was legally insufficient to prove that he was aware of the contents
of the illegal image. Finally, in his fifth and sixth points of error, appellant claims
that the trial court erred by admitting extraneous offense evidence of his sexual
relationship with a woman and possession of child pornography on a second
computer, where the probative value of both was substantially outweighed by unfair
prejudice, undue delay, and confusion of the issues. We affirm.
BackgroundStancle Pinder, technical supervisor at a Best Buy store located on Richmond
Avenue in Houston, testified that appellant brought his computer to the store to be
repaired. Appellant told Pinder that he believed there was a problem with his
operating system. Pinder testified that a preliminary scan of appellant’s computer,
which had out of date virus software, showed that it had several viruses, including a
Trojan Horse virus (“the Trojan”). Pinder also testified that Ronnie Howard, a repair
person he was training at the time, was the employee who scanned appellant’s
computer and the person who removed the Trojan from appellant’s computer. 
          Pinder testified that, after he left the store for the day, Howard called him to tell
him that he might want to look at appellant’s computer because the file names
included names like “Dad Wants to Have Sex With Kid,” which made both men
suspicious that the computer might contain child pornography. Pinder advised
Howard to leave the computer alone and that he would finish the job of scanning the
computer for viruses the next morning. The next morning, Pinder resumed the virus
scan where Howard left off and noticed file names such as “Daddy Had Sex With
Eight Year Old.” Pinder stopped the virus scan when it got to the desktop.
          While moving the cursor over the desktop of the computer, a pop-up window
appeared and began playing a movie depicting a little girl sitting on top of a man
engaged in sexual intercourse. Pinder showed the video to Lakeisha Bobb, an
administrative supervisor at the store, Matt Lamb, the store manager, and Mark, a
service assistant director, who told him to leave the computer alone and call the
police. Pinder called the police and later pointed appellant out to Lamb and the
police officer who responded to the call.
          The testimony of Houston police officers Bruce Lamore and Dale Vecera
established that a search warrant authorizing seizure of appellant’s computer was
obtained. Lamore, the first officer to respond to the call at Best Buy, explained to
appellant that the computer was being seized by the police, and Vecera took the
computer from the store later that evening.
          After the computer was seized from Best Buy, it was turned over to the
computer forensic unit of the Houston Police Department, where forensic computer
examiner, William Brown, performed analysis of the computer’s hard drive. Brown
testified as a computer expert with extensive experience in criminal investigations
involving child pornography. In this case, he testified that he used specialized Encase
software, which creates an exact duplicate of a computer’s hard drive, allowing
forensic analysis without changing anything on the original hard drive. 
          Brown’s analysis of appellant’s computer hard drive led to the discovery of
approximately 909 video files, all or nearly all of which were pornographic, and 61
that contained child pornography. The computer also contained approximately 90
other files of still images containing child pornography, some of which were shown
to the jury at trial. He testified on direct examination that it was possible that the
Encase software could have detected whether the pornography got to appellant’s
computer through a “back door Trojan Horse,” but that he found nothing to indicate
that this happened. 
          Among the child pornography found on appellant’s computer was the particular
image relied upon by the State for conviction. This still photo was identified by its
file name “Lolita-Fko1_02x.jpg,” hereinafter “the Lolita file,” and admitted into
evidence. Brown testified that this image was downloaded onto appellant’s computer
on January 27, 2002 and last accessed on April 25, 2002. Further, Brown testified
that there was no question that the images displayed to the jury that were taken from
appellant’s hard drive, including the Lolita image, were those of children under the
age of 18. 
          Rebecca Girardette, a pediatrician with the University of Texas School of
Medicine, testified as an expert in the field of sexual assault of children. She
examined the Lolita file, along with other images taken from appellant’s computer,
and testified that it depicted a prepubertal child under the age of 18 years of age
engaged in actual sexual intercourse with an adult male. 
          Cynthia Alvis testified for the State. She was 33 years old at the time of trial
and told the jury that she met appellant in April of 2003 at the Harris County Criminal
Courthouse. Alvis testified that she was in court because she had been arrested on
a theft charge and that appellant had identified himself as a criminal defense attorney. 
After Alvis hired appellant to represent her in the theft case, appellant threatened her
by saying he could send her back to jail if she did not have sex with him. She
testified that she went to appellant’s house 10 or 11 times and that on several
occasions, he opened a folder titled “Teens” on his home computer and showed her
various images of child pornography. Alvis also told the jury that, on one occasion,
she complied with appellant’s demand that she put her hair in pigtails and shave her
pubic area before having sex with him. 
          At the suggestion of another lawyer who represented Alvis on another matter,
she went to the Harris County District Attorney’s Office and told investigators about
what she saw on appellant’s computer. Johnny Bonds, an investigator with the
District Attorney’s Office, took Alvis’s recorded statement and obtained a search
warrant based upon her information. Later, law enforcement officers, including
William Brown, participated in the seizure of a computer from appellant’s home. 
Brown testified that this computer was also found to contain child pornography.
Legal Sufficiency
          In two points of error, appellant contends that the evidence was legally
insufficient to support his conviction where the state failed to prove that (1) the image
that he allegedly possessed depicted an actual child who was younger than 18 years
of age at the time the image was created and (2) appellant was aware of the contents
of the image contained within the Lolita file. We disagree.
Standard of Review
          When conducting a legal sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
 
Actual Child Younger Than 18 Years of Age
          In his first point of error, appellant argues that the evidence was legally
insufficient to support his conviction for unlawful possession of child pornography
where the State failed to prove that the image appellant allegedly possessed depicted
an actual child who was younger than 18 years of age at the time the image was
created. A person commits the offense of unlawful possession of child pornography
if:
(1)the person knowingly or intentionally possesses visual material
that visually depicts a child younger than 18 years of age at the
time the image of the child was made who is engaging in sexual
conduct; and 
 
(2)the person knows that the material depicts the child as described
by Subdivision (1).

Tex. Pen. Code Ann. § 43.26(a)(1), (2) (Vernon 2003). 

          When it becomes necessary to determine whether a child who participated in
sexual conduct was younger than 18 years of age under sections 43.25 and 43.26 , the
court or jury may make this determination by any of the following methods: (1)
personal inspection of the child; (2) inspection of the photograph or motion picture
that shows the child engaging in the sexual performance; (3) oral testimony by a
witness to the sexual performance as to the age of the child based on the child’s
appearance at the time; (4) expert medical testimony based on the appearance of the
child engaging in the sexual performance; or (5) any other method authorized by law
or by the rules of evidence at common law. Tex. Pen. Code Ann. § 43.25(g) (Vernon
2003). The jury may also use common sense and apply common knowledge,
observation, and experience gained in the ordinary affairs of life when giving effect
to the inferences that may reasonably be drawn from the evidence. Griffith v. State,
976 S.W.2d 686, 690 (Tex. App.—Tyler 1997, pet. ref’d).
          On appeal, appellant relies on Ashcroft v. Free Speech Coalition, 535 U.S. 234,
122 S. Ct. 1389 (2002) for the proposition that the State must prove that the alleged
children in the images were actual children as distinguished from virtual children. 
In Free Speech Coalition, the Supreme Court considered a challenge to the Child
Pornography Prevention Act of 1996 (“CPPA”). The CPPA had extended federal
prohibition of child pornography to include sexually explicit images that “appeared
to” depict minors engaging in sexual conduct that were produced without using any
real children. Id. at 234, 122 S. Ct. at 1392. The Court held that, because the statute
prohibited both protected and unprotected speech, it was unconstitutional to the
extent it regulated virtual images or images that merely appeared to depict children
engaged in sexual conduct. Id. at 241, 122 S. Ct. at 1397.
          Appellant asserted that the State failed to meet its burden because no witness
or expert was able to testify that the pictures were of real children. Instead, appellant
argues that the State only produced the testimony of Dr. Girardet who testified that,
based upon physical characteristics, the Lolita file consisted of a visual depiction of
a child under the age of 18 engaging in sexual conduct. Appellant argues that this
testimony cannot be fairly read as evidence that the Lolita file contained images of
an “actual real child” because the physician was not offered as an expert on
authenticating photographs.
          Here, appellant was charged with possession of child pornography under the
Texas Penal Code, not the CPPA, and the plain language of the Texas statute
indicates that it prohibits only possession of material that depicts an actual child, not
material that merely “appears” to depict a child. See Tex. Pen. Code Ann. § 43.26(a);
Webb v. State, 109 S.W.3d 580, 583 (Tex. App.—Fort Worth 2003, no pet.). This
conclusion is also supported by the legislative history of the statute. See Senate
Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 674, 75th Leg., R.S. (1997);
Webb, 109 S.W.3d at 583. The Fort Worth Court of Appeals has held that the Texas
statute prohibits only possession of visual materials depicting real children. Webb,
109 S.W.3d at 583. The court noted that the statute required the State to prove that
(1) the Appellant possessed visual material depicting a child under the age of 18
engaging in sexual conduct and (2) appellant knew that the material depicted a child
engaging in sexual conduct. See Tex. Pen. Code Ann. § 43.26 ; Webb, 109 S.W.3d
at 583.
          Appellant challenged the sufficiency of the evidence to prove that the Lolita
file depicted an actual child who was under the age of 18 at the time the image was
created. Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found the essential elements of possession of child
pornography beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2789 (1979). First, the jury heard evidence from Dr. Girardet
that, in her opinion, the images were of actual children under the age of 18. Second,
William Brown, the State’s forensic computer expert, testified that there was no
question that the images he found on appellant’s computer were those of real children
under the age of 18. The jury had the full responsibility of resolving any conflicts in
the evidence and assigning credibility to witnesses. See id. at 319, 99 S. Ct. at 2789;
see also Reece, 878 S.W.2d at 325. Finally, the jury was shown the images taken
from appellant’s computer. The jury was allowed to inspect the images under section
43.25 to determine whether the depicted child was younger than 18. See Tex. Pen.
Code Ann. § 43.25(g). The jury was also allowed to use its common sense and apply
its common knowledge, observation, and experience from the ordinary affairs of life
to determine that the images depicted actual children, rather than virtual,
computer-generated ones. See Griffith, 976 S.W.2d at 690. Accordingly, we hold
that the evidence is legally sufficient to sustain appellant’s conviction for possession
of child pornography. 
          We overrule appellant’s first point of error.
Knowing And Intentional Possession
          In his fourth point of error, appellant contends that the evidence introduced at
trial was legally insufficient to prove that he was aware of the contents of the illegal
image. Appellant argues that the State failed to prove that he was aware of the
contents of his computer’s hard drive memory and, in particular, the contents of the
Lolita file. The applicable statute provides, in relevant part, that a person commits
the offense of possession of child pornography if that person “knowingly or
intentionally possesses visual material that visually depicts a child . . . engaging in
sexual conduct [.]” Tex. Pen. Code Ann. § 43.26(a)(1). Proof of a culpable mental
state almost invariably depends upon circumstantial evidence. See Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App.1991). Thus, proof of knowledge is an
inference drawn by the trier of fact from all the circumstances. See Dillon v. State,
574 S.W.2d 92, 94 (Tex. Crim. App. 1978). A jury can infer knowledge or intent
from the acts, conduct, and remarks of the accused and from the surrounding
circumstances. See Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App.—El Paso
1995, pet. ref’d).
          Appellant argues that the State failed to meet its burden on this issue because
the State’s computer expert, William Brown, could not determine that the Lolita file
had ever been opened by appellant. As further support for his position, he notes that
Brown confirmed the possibility that a computer virus, like the back door Trojan,
exists and is capable of gaining control over computers. Finally, appellant contends
that, because it was undisputed that his computer contained considerably more files
of legal adult pornography than unlawful child pornography, it was possible that he
could have downloaded the child pornography unintentionally.
          Brown testified that he used the Encase software to recover large amounts of
child and other pornography in the form of both still photos and moving pictures. 
For instance, Encase located several files in the Kazaa database.


 Jonathan Magnus,
appellant’s computer expert, testified that the particular Kazaa file containing the
Lolita file was found in a folder called “My Shared Folder” that is created by Kazaa
when the program is installed on a computer. Magnus further testified that, although
one does not have to open a file downloaded from Kazaa, the title of the image would
have been displayed before appellant decided that he wanted to download it. The
titles of the numerous files containing child pornography on appellant’s computer
included: “Teen Cheerleader Showing Pussy,” “Preteen Blow Job,” “Teen porn kiddy
child,” “Five Year Butt Fuck with sound.avi,” “Child porn teen film 14 preteen
blowjob,” “Ten-year-old orgasm.mpeg,” and “Preteens suck cock incest kiddy Suck
porn 1.jpg.” The State argued that these file names were highly indicative of their
content, and Magnus admitted on cross-examination that he would “[p]robably not”
click on, or download, files with names like those found on appellant’s computer if
he did not want to download child pornography from Kazaa. 
          Brown’s analysis of appellant’s computer hard drive led to the discovery of
approximately 909 video files, nearly all of which were pornographic, and 61 that
contained child pornography. The computer also contained approximately 90 other
files of still images containing child pornography. The numerous photographs
recovered and the titles of the files found on appellant’s computer indicating that they
contained child pornography is sufficient circumstantial evidence to enable any
rational trier of fact to reasonably infer that appellant had knowledge that the Lolita
file, as well as numerous other images constituting child pornography, was on his
computer. We hold that the evidence is legally sufficient to the support appellant’s
conviction.
          We overrule appellant’s fourth point of error.
Motion to Suppress
          In his second and third points of error, appellant argues that the trial court
committed reversible error in not suppressing the fruits of the seizure of appellant’s
computer and the recovery of still pictures, images, and movies from the computer’s
hard drive, where the probable cause affidavit was defective for (1) failing to
establish the time between when the affiant first acquired knowledge that the
computer might contain child pornography and when the search warrant was issued 
in violation of his Fourth Amendment right against unreasonable searches and
seizures and (2) demonstrating on its face that facts were obtained in violation of
appellant’s reasonable expectation of privacy under Texas law. We disagree.
Standard of Review
          The standard of review of a trial court’s ruling on a motion to suppress
evidence is abuse of discretion, except where there is a question of law on undisputed
facts, in which case de novo review applies. See Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999). Probable cause to support the issuance of a search warrant
exists where the facts submitted to the magistrate are sufficient to justify a conclusion
that the object of the search is probably on the premises to be searched at the time the
warrant is issued. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). 
          To justify the issuance of a search warrant, the affidavit submitted in support
must set forth facts sufficient to establish probable cause that (1) a specific offense
has been committed, (2) specifically described property or items to be searched for
and seized constitute evidence of the offense, and (3) the property or items
constituting such evidence are located at the particular place to be searched. Tex.
Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2004). Whether the facts
mentioned in the affidavit are adequate to establish probable cause depends on the
totality of the circumstances. Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim.
App. 1996) (citing Illinois v. Gates, 462 U.S. 213, 228-29, 103 S. Ct. 2317,
2326-27(1983)). 
          Reasonable inferences may be drawn from the affidavit, and the affidavit must
be interpreted in a common sense and realistic manner. See United States v.
Ventresca, 380 U.S. 102, 111, 85 S. Ct. 741, 747 (1965); Wilson v. State, 98 S.W.3d
265, 271 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The duty of a reviewing
court is simply to determine whether, considering the totality of the circumstances,
the magistrate had a substantial basis for concluding that probable cause existed to
support the issuance of the warrant when viewing the affidavit. Gates, 462 U.S. at
238, 103 S. Ct. at 2332. The magistrate is permitted to draw reasonable inferences
from the facts and circumstances alleged. Ramos, 934 S.W.2d at 363. Reviewing
courts should accord great deference to the magistrate’s determination. Id. 
Omission of Time
          Appellant contends that the affidavit attached to the search warrant in this case
provides no time frame for the magistrate to have concluded that the computer in
possession of Best Buy still contained the alleged child pornography on its hard drive. 
He argues that the failure of the affidavit to reflect the time period between when the
affiant spoke to Pinder and when the warrant issued, rendered the affidavit fatally
defective. See Schmidt v. State, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983). 
          The search warrant affidavit in this case sets forth the following conclusions
of the affiant with respect to time: “I, D.K. Vecera, a peace office employed by
Houston Police Department do solemnly swear and do believe that the offense of
possession of obscene materials has and is occurring and that the materials are
currently located on the premises of the Best Buy store located at 5133 Richmond,
Houston Harris County, Texas.” 
          The affidavit also sets forth the following facts to justify the affiant’s belief that
a search warrant was needed: (1) Houston Police Officer Lamore told the affiant that
he was called to the Best Buy store and talked to Matt Lamb, the store manager, who
said a computer repair person at the store informed him that “he had been repairing
a customer’s computer and found files depicting a video of a naked child sitting on
the penis of an adult;” (2) affiant spoke to Stancle Pinder, the repair person at the
store, who informed him that a person who represented himself as appellant came in
the store with his computer and indicated that he was having problems with it; (3)
Pinder told the affiant that he advised appellant that he “would have to perform some
file downloading of the files on the computer and then ‘restore’ the hard drive,” and
that appelant agreed and left the computer in his possession at the store; (4) Pinder
told the affiant that “he began to download the files on the computer and found that
the files contained primarily pornographic material,” and that he also found three files
named “Child having anal intercourse with Daddy,” “Child having oral intercourse
with Dad,” and another with a similar name; (5) Pinder said he opened one and saw
“a video of a small child sitting on the penis of an adult man;” (6) Pinder told the
affiant that he “immediately closed the file and alerted his manager, Mr. Lamb;” and
(7) the affiant spoke to Officer Lamore “who described the computer as he observed
it inside the store.” The State admits that the affidavit did not contain the date upon
which the affiant’s conversation with Lamore and Pinder occurred. 
          Technical discrepancies in dates or times do not automatically invalidate a
search warrant. Green v. State, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990). A
warrant is not invalid merely because the officer failed to state the obvious. Lagrone
v. State, 742 S.W.2d 659, 662 (Tex. Crim. App. 1987). The purpose of stating times
when events occurred is to show the magistrate that the items are probably at the
suspected location at the time the warrant issues. Thus, facts in the affidavit, other
than times explicitly stated, may be reviewed. Flores v. State, 827 S.W.2d 416, 419
(Tex.App.—Corpus Christi 1992, pet. ref’d). 
          In this case, although the affidavit does not give a specific time for when the
affiant received his information, the time can be inferred by the present tense
language used in the affidavit. The affiant, Vecera, in support of his conclusions,
“that the offense of possession of obscene materials has and is occurring and that the
materials are currently located on the hard drive . . . currently located within the
premises of the Best Buy” states that he “spoke to Officer Lamore who described the
computer as he observed it inside the store.” Although the affidavit does not
expressly state the time when the described events occurred, the magistrate could
have reasonably inferred that the evidence was still located at the place to be searched
from the fact that Officer Lamore described the computer to the affiant, Officer
Vecera, apparently through a telephone conversation, as Lamore observed it and
while Vecera worked on the affidavit. See Nichols v. State, 877 S.W.2d 494, 498
(Tex. App.—Fort Worth 1994, pet. ref’d) (holding affidavit sufficient to state
probable cause) (“The affiant’s use of certain phrases, combined with the use of
present verb tense can justify a magistrate’s conclusion that the item to be searched
is at the suspected place when warrant is issued.”) Additionally, the search warrant
was issued on the same day that the affidavit was signed by the affiant. 
           Accordingly, we hold that the trial court did not err in denying appellant’s
motion to suppress evidence on the ground that the affidavit provided no time for the
magistrate to have concluded that the computer “still contained the alleged child
pornography on its hard drive.”
          We overrule appellant’s second point of error.
Reasonable Expectation of Privacy
          In his third point of error, appellant contends that the trial court erred in not
suppressing evidence seized from his computer where the probable cause affidavit
supporting the warrant demonstrated on its face that the facts were obtained in
violation of his reasonable expectation of privacy of the contents of the hard drive by
civilian computer technicians, in violation of the Fourth Amendment to the United
States Constitution.
            Appellant argues that the search warrant affidavit reflects that probable cause
was based on information obtained by a computer technician, not associated with law
enforcement, when he was repairing appellant’s computer. He states that he has a
reasonable expectation of privacy in the contents of his computer files, even from a
repair technician. See United States v. Barth, 26 F. Supp. 2d 929 (W.D. Tex. 1998). 
          In Barth, the defendant called a computer technician after experiencing
problems with his office computer. Id. at 932. As the computer technician began
opening individual files in search of potential viruses, he discovered a file containing
child pornography. Id. The court concluded that protection of closed computer files
and hard drives is similar to the protection afforded a person’s closed containers and
closed personal effects. Id. at 937. The court then reasoned that, “[o]utside of
automobile searches, a warrant is usually required to search the contents of a closed
container, because the owner’s expectation of privacy relates to the contents of that
container rather than to the container itself.” Id. at 936. The court held that the
defendant did not lose his reasonable expectation of privacy in his closed individual
computer files when he gave the hard drive to a third party to repair because he gave
the hard drive to the technician “for the limited purpose of repairing a problem
unrelated to specific files and also expected that he would have the unit back the
following morning to continue his business.” Id. at 937. However, Barth is
distinguishable from this case. See Rogers v. State, 113 S.W.3d 452, 456–58 (Tex.
App. —San Antonio 2003, no pet.) (distinguishing Barth and holding that defendant
gave up any expectation of privacy by turning computer over to repair shop for
analysis and making specific requests that photo files be backed up). 
          The Texas Court of Criminal Appeals has held that the following factors are
relevant to a court’s determination of whether an accused’s subjective expectation is
one that society is prepared to recognize as objectively reasonable: (1) whether the
accused had a property or possessory interest in the place invaded; (2) whether he was
legitimately in the place invaded; (3) whether he had complete dominion or control
and the right to exclude others; (4) whether, before the intrusion, he took normal
precautions customarily taken by those seeking privacy; (5) whether he put the place
to some private use; and (6) whether his claim of privacy is consistent with historical
notions of privacy. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
These factors are more applicable when discussing the expectation of privacy in a
place than in discussing the expectation of privacy in a computer hard drive or even
a closed container. Rogers, 113 S.W.3d at 457. Nevertheless, applying the more
relevant factors here weighs against a finding of objective reasonableness. Id. 
          Although appellant had an interest in his computer hard drive, he did not have
complete dominion or control because he had voluntarily relinquished control to Best
Buy. In addition, he did not take normal precautions to protect his privacy because
he agreed to allow the computer repair technician to download the computer files in
order to back them up. When appellant agreed to allow the computer technician to
perform file downloading prior to restoring the hard drive, he voluntarily turned those
files over to the technician for backing up, and standard operating procedure required
the files to be viewed during that process. Therefore, once appellant gave the
computer technician permission to back up his computer files, he no longer had a
legitimate expectation of privacy in those files.
          Accordingly, we hold that the trial court did not err in denying his motion to
suppress in violation of his reasonable expectation of privacy under the Fourth
Amendment.
          We overrule appellant’s third point of error.
Admission of Extraneous Offense Evidence
          In his fifth and sixth points of error, appellant argues that, because the
probative value of the evidence was substantially outweighed by unfair prejudice,
undue delay, and confusion of the issues, the trial court erred in admitting evidence
of his sexual relationship with Cynthia Alvis and evidence of an extraneous offense
showing that appellant had child pornography on a second computer. See Tex. R.
Evid. 403. 
Standard of Review
          The standard of review for a trial court’s ruling under the Rules of Evidence
is abuse of discretion. Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App.
2004). If the ruling was correct on any theory of law applicable to the case, in light
of what was before the trial court at the time the ruling was made, then we must
uphold the judgment. Id. Although a trial court possesses wide latitude in
determining the admissibility of evidence presented at the punishment phase of trial,
admitted evidence must satisfy Rule 403. Tex. R. Evid. 403; see Rogers v. State, 991
S.W.2d 263, 266 (Tex. Crim. App. 1999). Rule 403 provides for the exclusion of
relevant evidence when its probative value is “substantially outweighed by the danger
of unfair prejudice, confusion of the issues, or misleading the jury.” Tex. R. Evid.
403. A Rule 403 objection requires that the trial court balance the probative value of
the evidence against its potentially prejudicial effect. Montgomery v. State, 810
S.W.2d 372, 388–90 (Tex. Crim. App. 1990). Such a balancing test includes, but is
not limited to, four factors: (1) the probative value of the evidence, (2) the potential
to impress the jury in some irrational yet indelible way, (3) the time needed to
develop the evidence, and (4) the proponent’s need for the evidence. See Mozon v.
State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).
          The evidence appellant complains of includes: (1) the testimony of Alvis, a
small woman who testified that, before having sex with him, appellant demanded that
she wear her hair in pigtails and shave her pubic area so as to resemble a young
female child and (2) the testimony of Alvis and Officer Johnny Bonds who testified
that appellant possessed and showed Alvis child pornography on a second computer
after his indictment for the offense of possession of child pornography in this case. 
          Under the first factor of the balancing test, the evidence that appellant
demanded that Alvis present herself for sex in a manner resembling a young female
child and the evidence that appellant displayed child pornography to Alvis on his
computer is probative because it serves to rebut appellant’s defensive theory of lack
of knowledge that the Lolita file and other images were on the hard drive of his
computer. Further, we cannot conclude that the jury would be impressed “in some
irrational but indelible way” by this evidence. While this testimony probably made
an impression on the jury, it is unlikely that the impression was an irrational one,
especially given the graphic images and file names found on appellant’s computer
and admitted into evidence. Regarding the third factor, the time required to present
the evidence weighs in favor of the State. Alvis’s testimony that appellant asked her
to dress like a young girl was mentioned twice during direct examination of Alvis and
was again briefly mentioned during closing arguments. The evidence concerning
child pornography on a second computer owned by appellant was introduced during
direct examination of both Alvis and Officer Bonds. This evidence was mentioned
twice during Alvis’s testimony. Although Officer Bonds was called to testify to his
involvement in the seizure of appellant’s second computer, his total testimony
amounts to 35 pages from a 793-page record. Cf. Booker v. State, 103 S.W.3d 521,
536 (Tex. App.—Fort Worth 2003, pet. ref’d) (noting third factor weighed in favor
of excluding extraneous offense when trial time spent proving extraneous offense
exceeded time spent proving charged offense). The State emphasized this evidence
during closing arguments to again rebut appellant’s defense that the images
accidentally came into his possession through the back door Trojan virus. Finally,
with the fourth factor, the State needed this evidence in order to show that appellant
knowingly possessed child pornography on his computer. 
          We have reviewed the complained-of testimony and conclude that the trial
court acted within its discretion by determining that the probative value of this
evidence was not substantially outweighed by the unfair prejudicial effect or by
needless presentation of cumulative evidence. Accordingly, we hold that the trial
court did not abuse its discretion in admitting evidence of his sexual relationship with
Alvis and evidence of an extraneous offense showing that appellant had child
pornography on a second computer.
          We overrule appellant’s fifth and sixth points of error.Conclusion
          We affirm the judgment of the trial court.

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Jennings, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.4.