# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1912.

---

## MARIE WARWICK v. STATE.

[59 South. 2.]

1. VAGRANCY. *Judgment.* *Validity.* *Code* 1906, *sections* 5058, 5059-5061.

Where a defendant indicted for vagrancy under section 5058, Code 1906, pleads guilty and the court without taking bond for good behavior suspends sentence on the payment of costs, the court cannot afterwards sentence defendant under this plea as for a second offense, section 5059 and section 5061, having no application in such case.

2. SAME.

In such case defendant must be sentenced under Code 1906, section 5058, and this is true although defendant after such suspension of sentence was again guilty of a similar offense.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.
Marie Warwick was convicted of vagrancy and appeals.

This is an appeal from a conviction for vagrancy and an imposition of a jail sentence of ninety days. Section 5058 provides that, when one is convicted of vagrancy, the justice of the peace, mayor, or police justice before whom tried ''shall commit such person to jail for not less than ten nor more than thirty days, and said person so committed shall serve said sentence for the prescribed time and shall not be liberated from such sentence by payment for the time required to be served by the sentence, unless such person give bond to be approved by said justice, for future industry and good behavior for a period of one year.'' Section 5059 provides that, ''whenever any vagrant shall forfeit his bond by misconduct amounting to a breach of the bond, the vagrant may be rearrested and placed on trial before the justice before whom original proceedings were had, or may be indicted by the grand jury and tried in the circuit court, and on conviction for a second offense, shall be committed to jail for not less than ninety days nor more than six months, and shall serve such sentence.'' Section 5061. prescribes that the penalty for a conviction of a second offense for vagrancy shall be not less than ninety days nor more than six months in jail.

*Anderson & Sexton,* for appellant.

If you will notice you will see that the learned judge in the first sentence at the November term, 1910, withheld the days and it was also considered by the court and the sentence suspended upon payment of all cost during good behavior, and in carrying out the decisions of the court and the judgment at his will, the cost was promptly paid and the record will fail to disclose wherein the appellant was ever summoned into court or whether she was ever asked about her behavior in compliance with said sentence and judgment, and further the learned judge did not inquire of appellant's counsel concerning her good behavior and I defy the learned trial judge

who passed the sentence or sentences on the appellant to show by the record of the circuit court docket or by the minutes of said court or by the dockets of the justices of the peace of said county of any other conviction even up to the filing of this brief against the appellant and this all originated in the mind of the learned judge without any proof or any record to sustain it. Why did not the learned judge mention the crime that appellant was convicted of, and in rendering his second judgment against her, why did he not state in his judgment whether this was the first or the second offense, but in the second sentence he vilifies the appellant and goes ahead and sentences her to jail for ninety days when under the law for the first offense he could not have exceeded over thirty days, therefore, he just sentenced her to jail three times the length of time as the law permitted him to sentence her and he also required her to execute a good and sufficient bond in the sum of five hundred dollars to keep the peace and be of good behavior for two years when section 5058, Code 1906, limited the life of the behavior bond to one year, wherefore the learned judge just doubled the time in which she should be under a good behavior bond. Furthermore the trial judge by suspending sentence indefinitely by the payment of the cost and the cost being paid that was an estoppel to the learned judge of resentencing her at a future day and she had fully complied with the judgment of the court by paying the cost which was part of the sentence and the case should be dismissed because when she served the first sentence by payment of the cost, it was error at a future term of the court to sentence her again on the same offense on the same plea of guilty, and I do not see any difference in the law and in the reason but that this error of the court is as fatal as pronouncing judgment against a conviction and then suspending the sentence. See *Fuller* v. *State.*

In the English decisions they sustain the view that

a trial judge may withhold a sentence in a criminal case, but it must be clearly hedged about with the observation that it should be done in a case where a new trial is in contemplation, but it is otherwise in this particular case; the appellant pleads guilty and she was in the power of the trial judge with no prospects of the granting of a new trial, but on a plea of guilty at the mercy of the court to do what he pleased in the way of sentencing her just so he stayed within the bounds of the law, and he withheld the sentence and judgment indefinitely and holds the same over the appellant and as far as it was in her power she complied with the judgment of the court by payment of all costs which was done and then at the following term of court resentencing the appellant and give her ninety days and also in the same judgment order the clerk to make her give a five hundred dollar vagrant bond and make it for two years, notwithstanding Code 1906, sec. 5058, and you will see that the learned judge exceed his authority for the first offense as shown by the records in this case, because there is no order from any court showing this is the second offense, otherwise she could not have given a good behavior bond for the second offense for any amount, and you can see at once that it was not for the second offense, because the punishment under the Code of 1906 in the chapter on vagrants for the first offense is not less than ten or more than thirty days and you may give a good behavior bond in lieu of the days under a conviction of the first offense, and for the second offense the sentence will be not less than ninety days and cannot have the privilege of making a good behavior bond under a conviction and sentence of the second offense. You will clearly see that the court erred in imposing a greater sentence than was required by law and by requiring appellant to give a vagrant's bond, the life of said bond being twice as long as required by law, and for passing the second sentence on the appellant at different terms of court.

*Frank Johnston,* assistant attorney-general, for appellee.

Section 5061, of the Code of 1906, provides that an imprisonment for ninety days may be inflicted in cases of a second conviction for vagrancy. The question that naturally arises is, whether the court below could, in any view, treat this indictment and proceeding as a second conviction for the offense of vagrancy. The question arises whether this was not properly considered the first conviction. The defendant had pleaded guilty to the misdemeanor of vagrancy at the November term, 1910, and the court recognized the efficacy of this plea and withheld the sentence, or judgment of the court. The question therefore presented is, whether this was not, in fact and essentially, the first conviction instead of being a second conviction. I also note that the recital in the judgment of the court was not that the defendant had been convicted *ad interim,* of vagrancy, but that the defendant had been ''convicted of crime'' since the suspension of sentence in this case, and upon this recital, the special sentence of ninety days imprisonment was imposed under section 5061, of the Code. I submit this question on this statement to the court without argument.

COOK, J., delivered the opinion of the court.

At the November term, 1910, of the circuit court of Forrest county, appellant entered a plea of guilty to an indictment charging her with vagrancy. The court entered an order suspending sentence during the good behavior of defendant, upon the payment of all costs. At the April term, 1911, the court entered the following judgment: ''Comes the district attorney, who prosecutes for the state, and it appearing to the court that the defendant entered a plea of guilty to said charge at the November term, 1910, and the sentence was suspended during good behavior upon the payment of costs, and it

further appearing to the court that the defendant has been convicted of crime since suspension of sentence in this case, and has been and is now a criminal and bad character, constantly breaking the law, it is therefore considered by the court that the defendant be sentenced to jail for ninety days, and to execute a good and sufficient bond in the sum of five hundred dollars to keep the peace and be of good behavior for two years, said bond to be approved by T. J. Mixon, clerk.''

The court had no power to enter this judgment. The first clause of section 5058 of the Code of 1906 prescribes the only judgment within the power of the court to render. There was no conviction for a second offense, and therefore sections 5059 and 5061 do not apply.

*Reversed and remanded.*