DANIELS v. STATE.

[70 South. 458.]

VAGRANCY. *Sentences. Excessive sentence.*

   A defendant convicted of vagrancy under Code 1906, section 5058, which provides that a party convicted of vagrancy shall be committed to jail for not less than ten nor more than forty days and shall not be liberated from such sentence by payment

for the time to be served, unless such person gives bond with sufficient security for future industry and good conduct for one year from the date of the bond, cannot be required to give bond to keep the peace for two years, and such a provision will render the whole judgment excessive and unlawful.

APPEAL from the circuit court of Jones county.,
HON. P. B. JOHNSON, Judge.

Birdie Johnson was convicted of vagrancy and appeals.

The facts are fully stated in the opinion of the court.

*D. B. Cooley*, for appellant.

The judgment in this case is condemned in the case of *Warwick* v. *State*, 59 So. 2, and therefore the case must be reversed.

*Ross A. Collins*, attorney-general, for the state.

The *Warwick Case, supra,* is clearly distinguished from the case under consideration inasmuch as the court in the Warwick Case entered an order suspending sentence during the good behavior of defendant upon the payment of all costs and at a subsequent term of court, entered a judgment on the suspended sentence for an alleged breach of the conditions thereof. The court held that section 5058 of the Code, did not warrant the suspension of the sentence in such case, but in such cases provides that the court shall commit such person to jail for not less than ten nor more than thirty days and said person so committed shall serve said sentence for the prescribed time, and shall not be liberated from such sentence by payment for the time required to be served by said sentence unless such person give bond with sufficient security to be approved by the clerk in any sum not less than two hundred and one dollars for the future industry and good conduct of such person for one year from the date of the giving of such bond. It is manifest that under the provisions of this statute the

court in the Warwick Case, was without authority to suspend the sentence if, in fact, under the holding of the *Fuller Case,* 57 So. 808, it is under any circumstances permissible to do so. The only analogy that the appellant can draw between the case at bar and the Warwick Case is derived from the recital in the judgment of the court to the effect that, ''the sentence having been suspended until a later day of this court, it is now ordered,'' etc. It is obvious that the sentence was not suspended in the sense of the Warwick case, but the appellant was merely remanded to jail to await the sentence of the court during the same term, which proceeding is customary and proper. The appeal in this case is, therefore, without merit and I respectfully submit that the case should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant was convicted on the charge of vagrancy and sentenced to imprisonment ''in the county jail for twenty-five days and to execute a bond in the sum of five hundred dollars to keep the peace for two years.'' The assignment of errors challenges the legality of the judgment imposing this sentence. As announced by this court in the case of *Warwick* v. *State,* 102 Miss. 143, 59 So. 2, section 5058, Code of 1906, prescribes the only judgment within the power of the court to render. That provision of the judgment requiring appellant to give bond for two years renders the whole judgment excessive and unlawful.

The judgment of the circuit court will be reversed, and the cause remanded, in order that the circuit court may resentence appellant.

*Reversed and remanded.*