NUMBERS 13-11-031-CR,
13-11-032-CR, 13-11-033-CR, 

13-11-034-CR, and
13-11-035-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MAURICE JACKSON,                                                                   
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the
411th District Court 

of Polk County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Benavides, Vela, and Perkes  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

A Polk County Grand Jury indicted
appellant, Maurice Jackson, for possession with intent to deliver cocaine in an
amount of more than one gram, but less than four grams, a second-degree felony
(cause no. 13-11-031-CR), see Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (c) (West
2010) and for possession of cocaine in an amount of less than one gram, a
state-jail felony (cause no. 13-11-035-CR); see id. §§ 481.102(3)(D),
481.115(a) (b), which was enhanced by two previous state jail felony convictions
to a third-degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(1) (West Supp. 2010).  On August 13, 2009,
pursuant to a plea agreement, Jackson pleaded guilty to both offenses and was
placed on ten years’ community supervision.

Thereafter, in cause nos. 13-11-032-CR
and 13-11-033-CR, Jackson was indicted for two separate offenses of possession
with intent to deliver cocaine in an amount of more than one gram, but less
than four grams, a second-degree felony.  See Tex. Health & Safety Code Ann. §§ 481.102(3)(D),
481.112(a), (c).  And, he was also indicted in cause no. 13-11-034-CR for
possession of cocaine in an amount of less than one gram, a state-jail felony, id.
§§ 481.102(3)(D), 481.115(a) (b) (West 2010).  In addition, the State filed a
motion to revoke his community supervision in cause nos. 13-11-031-CR and
13-11-035-CR.  The motions alleged Jackson violated the terms and conditions of
his community supervision by committing the offense alleged in cause no.
13-11-032-CR.

On November 1, 2010, Jackson entered
into a plea agreement, which resolved these five cases.  He pleaded true in
cause nos. 13-11-031-CR and 13-11-035-CR, and he pleaded guilty in cause nos.
13-11-032-CR, 13-11-033-CR, and 13-11-034-CR.  The trial court sentenced him to
confinement in the Texas Department of Criminal Justice-Institutional Division
for terms of eight years, eight years, twelve years, and twelve years, and
confinement in a state jail facility for twelve months.  The sentences are to
run concurrently.  In one issue, Jackson argues the trial court erred in
denying his motion to suppress.[1] 
We affirm.[2]

I. Factual Background

            Officers with the Polk County Sheriff’s
Department executed a search warrant on Jackson’s home on September 30, 2009. 
During the execution of the search warrant, the officers seized crack cocaine
as well as other items.  Jackson’s defense counsel filed a motion to suppress
the contraband seized as a result of the search of Jackson’s residence authorized
by the search warrant.  The trial court held a hearing on the motion, and after
hearing testimony and argument from both sides, the trial court denied the
motion to suppress.[3]

            The affidavit supporting the search warrant,
in whole, reads as follows:

The
undersigned Affiant, being a Peace Officer under the laws of Texas and being
duly sworn, on oath makes the following statements and accusations:

1. THERE IS IN POLK
COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS:

From the Polk County
Sheriff’s Office travel north on North Washington .7 tenths of a mile to US Hwy
59, take a left on US Hwy 59 and travel south on US Hwy 59 South 2.1 miles to
US Hwy 190 West and take a right, travel west on US Hwy 190 West 9 tenths of a
mile to Fm 350 South, take a left onto Fm 350 South and travel 1 mile to Mouse
Brown Road, take a right onto Mouse Brown road [sic] and follow it to the very
end and the property will be located at 526 Mouse Brown Road.  The residence
will be a mobile home located to the right of the property with an add on front
and rear porch.  The property also has a wood frame house sitting in front of
the trailer and a travel trailer located to the left of the wood frame
residence.  The search will consist of the residence of Maurice Jackson
including all buildings and vehicles located on said property along with the
property curtilage.

2. THERE IS AT SAID
SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE
LAWS OF TEXAS AND DESCRIBED AS FOLLOWS:  Crack cocaine in or around the
residence, buildings and vehicles as well as any books, ledgers, or records of
drug transactions including any electronic media capable of storing such
records, and other evidence linking suspected suspect(s) to the crime.

3. SAID SUSPECTED
PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING
PERSONS:  Maurice Jackson B/M 8-12-1970, SS[[4]]

4. IT IS THE BELIEF
OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES THAT:  Maurice Jackson has in
his possession and is distributing crack cocaine from his residence located at
the above described location in Polk County, Texas.

5. AFFIANT HAS
PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:  See
Exhibit “A” Attached which is incorporated herein by reference.

6. Against the peace
and dignity of the State of Texas.  

WHEREFORE, Affiant
asks for the issuance of a warrant that will authorize him to search said
suspected place and premises for said property and seize the same and to arrest
each said described and accused person.

 

 

            Anthony Lowrie, a lieutenant with the Polk
County Sheriff’s Department, signed the affidavit.  Below his signature the
following language appears:  “Subscribed and sworn to before me by said Affiant
on this the 29th day of Sept[.] A.D., 2009."  The magistrate’s signature
appears below this language.

EXHIBIT
“A”

Affiant would show
that he is a duly licensed peace officer in and for the State of Texas,
currently serving as a Detective for the Polk County Sheriff’s Office.  The
information contained herein is based upon the personal knowledge of Affiant or
information provided by other witnesses or law enforcement officers as
identified herein.

Affiant shall show
that on 9-28-2009 at approximately 2:37 PM while conducting an undercover
operation at the suspect’s residence that the suspect Maurice Jackson did
deliver to a cooperating individual 10 off white rocks of crack cocaine which
had a weight of approximately 1.5 grams.

Affiant shall show
that the suspect is the only person involved in the delivery and is the person
that took the two hundred dollars in US Currency and is the person that hand
delivered the crack cocaine to the CI.

Affiant shall show
that the delivery took place at the suspect’s residence located at the end of
Mouse Brown Road in Polk County[,] Texas.

Affiant shall show
that the suspect keeps concealed both in his residence and on his property
crack cocaine cut up and ready for distribution.

Affiant is asking for
a search and arrest warrant for the described suspects, residence, vehicles,
building and property curtilage, with the above information provided.

 

Officer Lowrie signed the exhibit. 
Below his signature the following language appears:  “Subscribed and sworn to
before me by said Affiant on this the 29th day of Sept[.] A.D., 2009." 
The magistrate’s signature appears below this language.

II. Discussion

            By a single issue, Jackson argues the trial
court erred in denying his motion to suppress.  He contends Officer Lowrie did
not present the magistrate with sufficient facts to establish the existence of
probable cause to show he was selling crack cocaine from his residence.  By
Officer Lowrie’s use of the phrases “would show” and “shall show” in exhibit A,
which is attached to the affidavit in support of the request for a search
warrant, Jackson argues Officer Lowrie “promised to present the magistrate with
these facts.”

Standard
of Review

When a “trial court is determining
probable cause to support the issuance of a search warrant, there are no
credibility determinations, rather the trial court is constrained to the four
corners of the affidavit.”  State v. McLain, No. PD-0946-10, 2011 WL
1376724, at *2 (Tex. Crim. App. Apr. 13, 2011) (citing Hankins v. State,
132 S.W.3d 380, 388 (Tex. Crim. App. 2004)).  Consequently, “when we review the
magistrate’s decision to issue a warrant, we apply a highly deferential
standard because of the constitutional preference for searches to be conducted
pursuant to a warrant as opposed to a warrantless search.”  Id. (citing Swearingen
v. State, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004) (citing Illinois
v. Gates, 462 U.S. 213, 234-37 (1983)).  “As long as the magistrate had a
substantial basis for concluding that probable cause existed, we will uphold
the magistrate’s probable cause determination.”  Id. (citing Gates,
462 U.S. at 236).

            “We are instructed not to analyze the
affidavit in a hyper-technical manner.”  Id. (citing Gates, 462
U.S. at 236).  “When ‘reviewing a magistrate’s decision to issue a warrant,
trial and appellate courts apply a highly deferential standard in keeping with
the constitutional preference for a warrant.’”  Id. (quoting Rodriguez
v. State, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007) (footnotes and citations
to authority omitted)).  Therefore, “‘when an appellate court reviews an
issuing magistrate’s determination, that court should interpret the affidavit
in a commonsensical and realistic manner, recognizing that the magistrate may
draw reasonable inferences.  When in doubt, we defer to all reasonable
inferences that the magistrate could have made.’”  Id. (quoting Rodriguez,
232 S.W.3d at 61) (footnotes and citations to authority omitted).

            Because the Fourth Amendment strongly prefers
law-enforcement officials to conduct searches pursuant to search warrants, the
United States Supreme Court has provided incentives for them to obtain warrants
instead of conducting warrantless searches.  McLain, 2011 WL 1376724, at
*3 (citing Lane v. State, 971 S.W.2d 748, 750-51 (Tex. App.—Dallas 1998,
pet. ref’d)).  For example, “[o]ne incentive is a less-strict standard for
reviewing the propriety of a search conducted pursuant to a warrant.”  Id.
(citing Ornelas v. United States, 517 U.S. 690 (1996); Rodriguez,
232 S.W.3d at 61).  In that particular situation, “courts must give great
deference to the magistrate’s probable-cause determination.”  Id.
(citing Gates, 462 U.S. at 234-37; Rodriguez, 232 S.W.3d at 61). 
“Both appellate courts and trial courts alike must give great deference to a
magistrate’s finding of probable cause.”  Id. (citing Rodriguez,
232 S.W.3d at 61).

            In McLain, the court of criminal
appeals, quoting Rodriguez, stated that “[a]n evaluation of the
constitutionality of a search warrant should begin with the rule that ‘the
informed and deliberate determinations of magistrates empowered to issue
warrants are to be preferred over the hurried action of officers who may happen
to make arrests.’”  Id. (quoting Rodriguez, 232 S.W.3d at 59).  A
reviewing court “should not ‘invalidate the warrant by interpreting the
affidavit in a hypertechnical, rather than commonsense, manner.’”  Id.
(quoting Rodriguez, 232 S.W.3d at 59).  “A magistrate shall not issue a
search warrant without first finding probable cause that a particular item will
be found in a particular location.”  Id. (citing U.S. Const. amend IV;[5]
Rodriguez, 232 S.W.3d at 61); see also Tex. Code Crim. Proc. Ann. art. 18.01(b).[6] 
“Probable cause exists when, under the totality of the circumstances, there is
a fair probability that contraband or evidence of a crime will be found at the
specified location.”  Id. (citing Rodriguez, 232 S.W.3d at 61). 
This “is a flexible and non-demanding standard,”[7]
and “[t]he facts stated in a search affidavit ‘must be so closely related to
the time of the issuance of the warrant that a finding of probable cause is
justified.’”  Id. (quoting Flores v. State, 827 S.W.2d 416, 418
(Tex. App.—Corpus Christi 1992, pet. ref’d)); see also Sherlock v. State,
632 S.W.2d 604, 608 (Tex. Crim. App. 1982) (stating that a search affidavit is
“inadequate if it fails to disclose facts which would enable the magistrate to
ascertain from the affidavit that the event upon which the probable cause was
founded was not so remote as to render it ineffective.”) (internal quotes
omitted).

            A “court of appeals violate[s] the
prohibition on ‘hypertechnical’ review of a warrant affidavit when it strictly
applie[s] rules of grammar and syntax in its analysis.”  Id.  A court of
appeals should focus “on what the magistrate could have reasonably inferred[,]”
rather than “review[ing] the affidavit by focusing on what the officer
‘implied’ . . . .”  Id.   “[I]t is the reasonableness of the
magistrate’s conclusions based on facts and inferences which is the proper
standard[,]” and the United States Supreme Court has explained how we must
review probable-cause determinations:

[A]fter-the-fact
scrutiny by courts of the sufficiency of an affidavit should not take the form
of de novo review.  A magistrate’s determination of probable cause
should be paid great deference by reviewing courts. . . .  A grudging or
negative attitude by reviewing courts toward warrants . . . is inconsistent
with the Fourth Amendment’s strong preference for searches conducted pursuant
to a warrant; courts should not invalidate warrant[s] by interpreting
affidavit[s] in a hypertechnical, rather than a commonsense manner.

 

Id. (quoting Gates, 462 U.S. at
236) (citations and internal quotes omitted); United States v. Ventresca,
380 U.S. 102, 108 (1965).  “[T]he established requirement [is] that courts
review warrant affidavits as a whole.”  Id. (citing Hall v. State,
795 S.W.2d 195, 197 (Tex. Crim. App. 1990)).

Analysis

            In this case, the magistrate had a
substantial basis for concluding that probable cause existed.  In his
affidavit, Officer Lowrie provided the directions to the residence to be
searched, its address—526 Mouse Brown Road—and a description of the residence. 
This satisfied the requirement that an affidavit must include “the specificity
of the place to be searched.”  Davis v. State, 202 S.W.3d 149,
156 n.17 (Tex. Crim. App. 2006) (emphasis in original).  Furthermore, “the
facts stated within the affidavit” must be “sufficiently specific to the
residence sought to be searched to support a finding of probable cause that . .
. [contraband] would be found there.”  Id. at 154.  In this case, the
affidavit showed that during an undercover operation at Jackson’s residence,
Jackson delivered crack cocaine to a “cooperating individual” within
twenty-four hours of Officer Lowrie’s request for the warrant.  The delivery
occurred at Jackson’s residence, and Officer Lowrie stated that Jackson is in
charge of this residence and that it was controlled by Jackson.  Thus, the
affidavit connected Jackson to the residence to be searched.  See id.
(stating that “[a]lthough an apparently reliable confidential informant had
seen [the defendant] in possession of . . . drugs within twenty-four hours of
the affiant’s request for the warrant, nothing in the affidavit connected him
[the defendant] to the residence” to be searched).  In addition, Officer Lowrie
stated that the probable cause to support his belief that Jackson “has in his
possession and is distributing crack cocaine from his residence” is based upon
facts in exhibit “A”, which stated that “[t]he information contained herein is
based upon the personal knowledge of Affiant or information provided by other
witnesses or law enforcement officers.”  In Davis, the court of criminal
appeals stated that “[o]bservations reported to the affiant by other officers
engaged in the investigation can constitute a reliable basis for issuing a
warrant.”  Davis, 202 S.W.3d at 156 n.20 (citing Ventresca, 380
U.S. at 108-09).

            By looking at the affidavit in its entirety,
and not isolated phrases in the affidavit, it would have been reasonable for
the magistrate, considering all the facts in the affidavit along with
reasonable inferences from those facts, to conclude that there was a fair
probability that there was cocaine at Jackson’s home at the time of the
issuance of the warrant.  The sole issue for review is overruled.

 

 

 

III. Conclusion

            We affirm the trial court’s judgments. 

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

7th day of July, 2011.

 

 

 









[1]
Jackson filed a motion to suppress only in cause nos. 13-11-032-CR,
13-11-033-CR, and 13-11-034-CR.  When he pleaded guilty in each of these three
cases, he reserved his right to appeal the denial of his motion to suppress in
each case.

 





[2]
Pursuant to the Texas Supreme Court’s docket-equalization efforts, this case
was transferred to this Court from the 9th Court of Appeals.  See Tex. Gov’t Code Ann. § 73.001 (West
2005). 

 





[3]
The trial court imposed the
sentences and signed the judgments in each case on November 1, 2010.  On
November 24, 2010, Jackson filed a request for findings of fact and conclusions
of law.  The trial court, by written order, denied the request, and no findings
of fact and conclusions of law were filed.  In State v. Cullen, the
court of criminal appeals stated that a trial court must grant a party’s timely
request for findings of fact and conclusions of law related to its ruling on a
motion to suppress.  195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (stating, “The
refusal of trial courts to enter findings of fact when timely requested . . .
leaves appellate courts with nothing to review except a one-word ruling and
forces the courts of appeals to make assumptions about the trial court’s
ruling.”).  The court cited with approval and applied Texas Rule of Civil
Procedure 297, which states, in relevant part:  “The court shall file its
findings of fact and conclusions of law within twenty days after a timely
request is filed.”  Tex. R. Civ. P.
297 (emphasis added).  Id. at 699 (citing Tex. R. Civ. P. 297).  Here, Jackson’s request for findings
of fact and conclusions of law was due to be filed within twenty days of
November 1, 2010, the day the trial court signed the judgments.  See Tex. R. Civ. P. 296 (requiring request
for findings and conclusions to be filed within twenty days after judgment is
signed).  Jackson’s request for findings of fact and conclusions of law was not
filed until November 24, 2010, twenty-four days after the date the trial court
signed the judgments.  Accordingly, Jackson’s request for findings of fact and
conclusions of law was untimely.  See id.  Therefore, the trial court
did not err by denying his request to file findings of fact and conclusions of
law.

 





[4]
Jackson’s social security number was stated; however, because of privacy
reasons, we will not record it here.





[5]
The Fourth Amendment to the United States Constitution provides:  “The right of
the people to be secure in their persons, house, papers, and effects, against
unreasonable searches and seizures, shall not be violated, and no Warrants
shall issue, but upon probable cause, supported by Oath or affirmation, and
particularly describing the place to be searched, and the persons or things to
be seized.”

 





[6]
Article 18.01(b) provides, in relevant part:  “No search warrant shall issue
for any purpose in this state unless sufficient facts are first presented to
satisfy the issuing magistrate that probable cause does in fact exist for its
issuance.”

 





[7]
State v. McLain, No. PD-946-10, 2011 WL 1376724, at *3 (Tex. Crim. App.
Apr. 13, 2011).